## LINDLEY v. STATE OF INDIANA.

[No. 25,142. Filed November 3, 1926.]

1. CRIMINAL LAW.—The giving of oral instructions, after a proper and timely request that the instructions be given in writing, is reversible error. p. 405.

2. CRIMINAL LAW.—Evidence *held* to justify inference that bottles of whisky found by policemen were same as thrown away by accused. p. 406.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Ralph Lindley was convicted of unlawfully possessing and transporting intoxicating liquor, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was charged by affidavit with unlawfully having liquor in his possession, and with unlawfully transporting it. He was tried by a jury and, at the proper time, presented to the trial court a series of instructions in writing, with a written request that the court should instruct the jury in writing and should give each of those instructions. The court gave all the requested instructions but one and then proceeded, orally, to give another series of instructions which fill a dozen pages of appellant's brief, to which appellant reserved an exception. This was error for which the judgment must be reversed. *Lindley* v. *State* (1926), *ante* 360.

A police officer testified that he had known appellant for more than two years, and had seen him two or

three times a week and sometimes every day, and that, on the evening of the day named in the affidavit, he saw him walking across a vacant lot toward the rear of his residence, on the other side of the alley, and that, when appellant saw the witness, "he threw two half-pint bottles down behind him on the ground, and proceeded on across the alley * * * and went on in his home." And that the witness and another policeman who was with him walked down to where the bottles were thrown, and there found two half-pint bottles with grain alcohol in them, one nearly full, and the other about a quarter full, with the cork out and the alcohol spilling upon the ground. Another policeman testified that he had known appellant about five years and had seen him frequently during that time, and that, at the time about which his fellow officer testified, he saw appellant walk across the alley, when he "heard some bottles throwed," after which he and the other officer "went right over to where those bottles were thrown and looked around in the weeds there and picked up two half-pint bottles," that had white whisky in them, one of which had the cork out and was about half full. Counsel for appellant cross examined these witnesses sharply as to the identity of the person they saw crossing the alley and claims to have shaken them on that point, and there was much evidence tending to prove an alibi. But the testimony above set out was sufficient to justify the introduction in evidence of the two bottles of whisky which the officers testified they had picked up in the vacant lot, being sufficient, if given credit, to support an inference that those were the bottles which appellant was seen to throw away.

Other questions discussed by counsel may not arise when the cause is again tried.

The judgment is reversed.